# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THON ALSDORF,

    *Plaintiff*,

vs.

ALVAREZ*, et al.*,

    *Defendants*.

3:11-cv-00547-ECR-WGC

ORDER

This *pro se* prisoner civil rights action by Nevada state inmate comes before the Court for initial review of the amended complaint (#5) under 28 U.S.C. § 1915A.

### *Governing Law*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

## *Discussion*

In the complaint, plaintiff Thon Alsdorf, in principal part, seeks punitive damages and declaratory and injunctive relief for an alleged denial of his right to freedom to exercise his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). He seeks to proceed against two named correctional officers, a prison chaplain, and numerous John and Jane Doe correctional officials in both their individual and official capacities. He seeks to proceed against the Director of the Nevada Department of Corrections (NDOC) and a former deputy director in their official capacity only.

/ / / /

Plaintiff may not recover damages – as opposed to injunctive or declaratory relief – from the defendant officials in their official capacity.

First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). RLUIPA does not waive state sovereign immunity under the Eleventh Amendment. *Sossamon v. Texas*, ___ U.S. ___, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011). Accordingly, a plaintiff may not proceed against an official in their official capacity for monetary damages. *See,e.g., Sossamon*, 131 S.Ct. at 1656; *Holley v. California Department of Corrections*, 599 F.3d 1108, 1111-14 (9th Cir. 2010).

Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989). Any official capacity claims for monetary damages – but not injunctive or declaratory relief -- therefore will be dismissed.

With regard to Defendant Helling, a former deputy director, plaintiff must proceed against his successor for injunctive or declaratory relief. He may not proceed against Helling as a former official in any respect in this matter in his official capacity.

Count I of the complaint otherwise states a claim for relief under the First Amendment and RLUIPA, subject to any qualified immunity defense raised by the defendants. Plaintiff alleges that the defendants did not allow him to have his religious materials with him while in fifteen days of disciplinary segregation. Count I does not state a claim, however, under the Equal Protection Clause.

Count II does not state a claim upon which relief may be granted. Plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment because, upon returning from his disciplinary segregation, he found that his property had been mixed up with that of his cellmate in order to vex and harass him. The Eighth Amendment protects against obdurate or wanton conduct resulting in an unnecessary

infliction of pain, not against a single incident allegedly undertaken to harass an inmate. *See,e.g., Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989). The single incident alleged in Count II -- mixing plaintiff's property with that of his cellmate – clearly was not egregious enough to rise to the level of an Eighth Amendment violation.

Count III is conclusory and fails to state sufficiently specific allegations of actual fact. In Count III, plaintiff seeks relief under the First Amendment and RLUIPA with regard to a long list of alleged deficiencies in the NDOC administrative regulation regarding religious materials and/or the application thereof. The conclusory allegations lack sufficient specificity. For example, plaintiff alleges that the regulation violates the First Amendment and RLUIPA by "[f]ailing to accommodate my religion in any way but name only and forcing me to practice my religion according to tenets central to the practice of other religions." Petitioner must make allegations of actual fact, not conclusory allegations. He may not rely upon attaching a stack of grievances and other documents as exhibits to state his claims. He instead must state his claims, with sufficient specificity, in the complaint itself. Under *Iqbal*, the well-pleaded allegations must permit the court to infer more than the mere possibility of misconduct.

The Court will dismiss the deficient claims and provide petitioner an opportunity to file an amended complaint correcting the deficiencies to the extent possible.

IT THEREFORE IS ORDERED that the following claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted: (a) all claims for monetary damages, but not declaratory or injunctive relief, against all defendants in their official capacity; (b) all claims presented against Don Helling; (c) the equal protection claim, only, in Count I; (d) Count II; and (e) Count III. The dismissal of the claims identified in (d) and (e) above is subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the prior amended complaint, if possible.

IT FURTHER IS ORDERED that, on any amended complaint filed, plaintiff shall clearly title the pleading as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **3:11-cv-00547-ECR-WGC**, above the word "AMENDED" in the space for "Case No."

1  Under Local Rule LR 15-1, any amended complaint filed must be complete in itself
2  without reference to prior filings. Thus, any allegations, parties, or requests for relief from
3  prior papers that are not carried forward in the amended complaint no longer will be before
4  the court.
5  The Clerk shall provide plaintiff with a copy of the amended complaint (#5) that he
6  submitted together with two copies of a § 1983 complaint form and one copy of the
7  instructions for same.
8  If an amended complaint is filed in response to this order, the Court will screen the
9  amended pleading before ordering any further action in this case.
10  If plaintiff does not timely mail an amended complaint to the Clerk for filing, the matter
11  will proceed forward only on the remaining claims.
12  DATED: November 21, 2011.

_____
EDWARD C. REED
United States District Judge